### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKIE WILLIAMS and KIMBERLY ORD, on their own behalf and for all others similarly situated, | : : : : | Civil Action No. _____ |
| Plaintiffs, | : | |
| v. | : : | |
| SECURITAS SECURITY SERVICES USA INC., | : : | JURY TRIAL DEMANDED |
| Defendant. | : : : | |

### COLLECTIVE ACTION COMPLAINT

Plaintiffs Frankie Williams and Kimberly Ord ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Defendant Securitas Security Services, Inc. ("Defendant") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of their counsel:

### NATURE OF ACTION

1.      Plaintiffs contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), by requiring its employees, including Plaintiffs and the Class members, to complete job training programs, perform pre- and post-shift work, and perform uniform maintenance tasks, all while failing to accurately record the time Plaintiffs and the Class members spent engaged in these activities, or include this time in calculating wages owed. As a result, Plaintiffs and the Class members were routinely denied regular wages and overtime premium wages for hours spent engaged in work activities.

## PARTIES

2.      Plaintiff Frankie Williams is an adult citizen of the Commonwealth of Pennsylvania who resides in Philadelphia County.  Plaintiff worked as an hourly, non-exempt security guard for Defendant throughout the Relevant Period, and was routinely subjected to the practices described herein.  Throughout the relevant period, Mr. Williams was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1).

3.      Plaintiff Kimberly Ord is an adult citizen of the Commonwealth of Pennsylvania who resides in Huntingdon County.  Plaintiff worked as an hourly, non-exempt security guard for Defendant throughout the Relevant Period, and was routinely subjected to the practices described herein.  Throughout the relevant period, Mrs. Ord was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1).

4.      Defendant Securitas Security Services USA Inc. ("Defendant") is a company with a principal place of business in Parsippany, NJ, a regional office in Philadelphia, and nine other offices located across Pennsylvania.  Defendant provides uniformed guarding, security patrol, and other private security services to customers in Pennsylvania, and across the country.  Throughout the relevant period, Defendant was an "employer" of Plaintiffs and the Class members as defined by the FLSA, 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."  Plaintiffs have signed, and submit herewith, their opt-in consent forms to join this lawsuit.

6.      This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. §1331.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and does business within this District.  In addition, the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## COLLECTIVE ACTION ALLEGATIONS

8.      Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld cost reimbursements, attorneys' fees and costs, and other damages owed.

9.      The proposed collective Class is defined as:

> All individuals Defendant, its subsidiaries or affiliated companies
> employed to work as security officers in the state of Pennsylvania
> at any time during the relevant period (the "Class members").

10.      This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective Class with respect to job title, job description, training requirements, dress code requirements, job duties and the wage and hour violations alleged in this Complaint, among other things.

11.      During the relevant period, Defendant encouraged and permitted Plaintiffs and the Class members to work regular hours without providing them with the proper straight-time compensation for those hours, and permitted Plaintiffs and the Class members to work overtime hours without providing them with the proper overtime compensation for those hours.

12.      Defendant knew that Plaintiffs and the Class members performed work that required additional straight-time and overtime compensation to be paid.  Nonetheless, Defendant operated under a scheme, described herein, to deprive Plaintiffs and the Class members wages owed for work they actually performed.

13.     Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the Class members.

14.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Class members for all of the hours they worked during the relevant period.  Plaintiffs ask the Court to authorize the dissemination of notice to the Class members for the purpose of informing them about the pendency of this action, and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b) and seek the relief requested herein.

15.     Plaintiffs estimate that there are over 1,000 Class members.  The precise number of Class members should be readily available from Defendant's payroll and personnel records.  Given its composition and size, the Class members may be informed of the pendency of this action directly *via* U.S. mail, e-mail and by posting notice in Defendant's offices.

## FACTUAL BACKGROUND

16.     Defendant employed Plaintiffs and the Class members as security officers during the relevant period.  Plaintiffs and the Class members had similar job titles, descriptions and responsibilities; received similar training; were governed by similar scheduling, timekeeping and pay systems; and were subject to similar workplace policies and practices, including the policies and practices described herein.

17.     Throughout the relevant period, Defendant controlled all aspects of the work performed by Plaintiffs and the Class members, assigned their job titles, descriptions and responsibilities, assigned and supervised their training, maintained the applicable scheduling, timekeeping and pay systems, and set the applicable workplace policies and practices, including the policies and practices described herein.

18.     As part of their work, Defendant required Plaintiffs and the Class members to complete job training programs.  Defendant routinely failed to accurately record all of the time

-4-

Plaintiffs and the Class members spent in these programs, or include this time in calculating the wages owed or paid to Plaintiffs and the Class members.

19.     As part of their work, Defendant routinely required Plaintiffs and the Class members to perform pre-shift work that included checking equipment, preparing paperwork, lining up for inspection, reviewing post orders and receiving pass down instructions. Defendant routinely failed to accurately record all of the time Plaintiffs and the Class members spent on these activities, or include this time in calculating the wages owed or paid to Plaintiffs and the Class members.

20.     As part of their work, Defendant routinely required Plaintiffs and the Class members to perform post-shift work that included covering missed shifts, covering late-arriving replacement workers and providing pass down instructions. Defendant routinely failed to accurately record all of the time Plaintiffs and the Class members spent on these activities, or include this time in calculating the wages owed or paid to Plaintiffs and the Class members.

21.     As part of their work, Defendant routinely required Plaintiffs and the Class members to spend time maintaining their work uniform (consisting of a cost or jacket, uniform shirt, trousers, shoes, badges and other items) in a certain condition. Defendant routinely failed to accurately record all of the time Plaintiffs and the Class members spent engaged in uniform maintenance tasks, include this time in calculating the wages owed or paid to Plaintiffs and the Class members, or reimburse Plaintiffs and the Class members for out-of-pocket uniform maintenance costs.

22.     At all relevant times, Defendant knew that Plaintiffs and the Class members were routinely working unpaid straight-time and/or overtime hours as a result of the additional work described above.    Nonetheless, Defendant failed to properly pay Plaintiffs and the Class members for all of the straight-time and/or overtime hours they actually worked.  As a result of

its unlawful practices, Defendant received material benefits including the free work it received from Plaintiffs and the Class members and materially-reduced labor and payroll costs.

23.    As a result of Defendant's pay policies and practices, Plaintiffs and the Class members suffered economic damages as detailed herein.

## COUNT I
## Violation of the FLSA

24.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

25.    Plaintiffs and other hourly non-exempt Class members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

26.    Section 206 of the FLSA requires employers to pay their employees a minimum wage for all hours worked.

27.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

28.    Defendant willfully violated the FLSA by requiring Plaintiffs and the Class members to spend time engaged in mandatory job-training activities for which Defendant did not properly pay all required straight-time or overtime wages.

29.    Defendant willfully violated the FLSA by requiring Plaintiffs and the Class members to spend time engaged in mandatory pre-shift work for which Defendant did not properly pay all required straight-time or overtime wages.

30.    Defendant willfully violated the FLSA by requiring Plaintiffs and the Class members to spend time engaged in mandatory post-shift work for which Defendant did not properly pay all required straight-time or overtime wages.

31.     Defendant willfully violated the FLSA by requiring Plaintiffs and the Class members to spend time engaged in mandatory uniform maintenance tasks for which Defendant did not properly pay all required straight-time or overtime wages, or reimburse out-of-pocket costs paid in these activities.

32.     Defendant also willfully failed to keep accurate time records relating to job training, pre-shift work, post-shift work, or uniform maintenance tasks to avoid paying Plaintiffs and the Class members all required wages and other benefits.

33.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and the Class members have suffered, and will continue to suffer, a loss of income and other damages.

34.     Defendant is liable to Plaintiffs and the Class members for their actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as for reasonable attorneys' fees, costs and expenses.

35.     Plaintiffs are entitled to injunctive relief to prevent Defendant from continuing to violate the FLSA as set out herein.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.      Requiring Defendant to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) addresses of all individuals Defendant, its subsidiaries, or affiliated companies employed to work as security officers in the state of Pennsylvania at any time during the last three years;

b.      Authorizing Plaintiffs' counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c.    Finding that Defendant willfully violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiffs and the Class members;

d.    Finding that Defendant willfully violated the applicable minimum wage provisions of the FLSA by failing to pay all required wages to Plaintiffs and the Class members;

e.    Granting judgment in favor of Plaintiffs and the Class members, and against Defendant, on this Count;

f.    Awarding compensatory damages to Plaintiffs and the Class members in an amount to be determined;

g.    Awarding pre-judgment interest to Plaintiffs and the Class members on all compensatory damages due;

h.    Awarding liquidated damages to Plaintiffs and the Class members on all compensatory damages due in this action;

i.    Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

j.    Awarding any further relief the Court deems just and equitable; and

k.    Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## COUNT III
## Unjust Enrichment

36.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

37.    Throughout the relevant period, Defendant routinely required Plaintiffs and the Class members to: complete job training programs, perform pre- and post-shift work, and follow a uniform maintenance policy that called for the expenditure of unpaid time.  Defendant routinely failed either to accurately record all of the time Plaintiffs and the Class members spent engaged in these activities, or to include this time in calculating the wages it paid to Plaintiffs and the Class members.

38.   As a result, Defendant routinely denied Plaintiffs and the Class members wages owed for work it required them to perform in the course of their employment.

39.   Defendant received a direct and substantial benefit from the unpaid work that Plaintiffs and the Class members performed under circumstances that do not support its entitlement to those funds.

40.   Permitting Defendant to retain the direct and substantial benefit it received from Plaintiffs and the Class members under these circumstances would be inequitable because: Defendant was not entitled to the funds at issue; the retained funds represent a substantial windfall to Defendant through, *inter alia*, reduced labor costs and enhanced profit margins; Defendant's practices caused Plaintiffs and the Class members to suffer more than a *de minimis* injury; and Defendant was able to retain the funds at issue only because of its exclusive control over the operative timekeeping and payroll systems.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.   Finding that Defendant was unjustly enriched by its treatment of Plaintiffs and the Class members;

b.   Granting judgment in favor of Plaintiffs and the Class members, and against Defendant, on this Count;

c.   Awarding compensatory damages to Plaintiffs and the Class members in an amount to be determined;

d.   Awarding pre-judgment interest to Plaintiffs and the Class members on all compensatory damages due;

e.   Awarding liquidated damages to Plaintiffs and the Class members on all compensatory damages due;

f.   Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

g.   Awarding any further relief the Court deems just and equitable;

h.      Enjoining Defendant from continuing to engage in the conduct described in this Complaint; and

i.      Maintaining jurisdiction over this action after judgment or verdict to ensure Defendant's compliance with the foregoing.

                                        Respectfully submitted,


Dated: December 8, 2010

                                        David J. Cohen
                                        Wayne A. Ely
                                        KOLMAN ELY, P.C.
                                        414 Hulmeville Avenue
                                        Penndel, PA 19047
                                        (215) 750-3134
                                        dcohen@kolmanlaw.net


                                        *Counsel for Plaintiffs and the Putative Class*