```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKIE WILLIAMS, et al.        :       CIVIL ACTION
                                :
         v.                     :
                                :
SECURITAS SECURITY SERVICES     :
USA, INC.                       :       NO. 10-7181
```

MEMORANDUM

Bartle, J.                                           July 13, 2011

       Plaintiffs Frankie Williams, Kimberly Ord, and Matthew Devine on behalf of themselves and others similarly situated have filed this action against defendant Securitas Security Services USA, Inc. ("Securitas") under §§ 206 and 207 of the Fair Labor Standards Act ("FLSA").  Securitas is a company which supplies security guards to its clients.  Plaintiffs contend that they and other putative class members in Pennsylvania were denied wages, including overtime wages, in violation of the FLSA.  Before the court is the emergency motion of plaintiffs for a protective order and corrective mailing to address defendant's improper communications with absent class members.[1]

                                      I.

       The pending motion alleges that Securitas distributed to all its employees, including its Pennsylvania employees, a

---

1. Plaintiffs have moved to conditionally certify a collective action under § 216(b) of the FLSA that would include all Securitas employees in Pennsylvania.  Securitas opposes that motion, which remains pending.

document entitled "Securitas Security Services USA, Inc. Dispute Resolution Agreement" (hereinafter "the Agreement").  The body of the Agreement consists of ten paragraphs on four type-written, single-spaced pages and is written in a small font.  A fifth page provides a place for the employee to acknowledge receipt of the document.

The Agreement purports to require all Securitas employees to submit "any dispute arising out of or related to Employee's employment with [Securitas] . . . or termination of employment" to a binding arbitration conducted pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.  It states in small boldface letters that "this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial."  The Agreement specifies that any dispute arising from federal "wage-hour law" and the FLSA must be arbitrated.  The Agreement states, again in small bold font, "there will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver")."[2]

Paragraph 7 of the Agreement says that although the Agreement is meant to apply "broadly," if an employee is "a named party plaintiff, or ha[s] joined as a party plaintiff this Agreement shall not apply to those Actions, and you may continue to participate in them without regard to this Agreement," but

---

2. The Agreement requires that a court, not an arbitrator, resolve any claim that the Class Action Waiver is unconscionable.

"shall apply to all Actions in which you are not a plaintiff or part of a certified class."  The Agreement then lists five representative or class action lawsuits in which Securitas is a named defendant, including this lawsuit, "*Frankie Williams and Kimberly Ord*, filed 12/10/2010, USDC, Eastern District of Pennsylvania Case No. 2:10-CV-07181-HB."  The term "Actions" is defined as "litigation on behalf of [Securitas] employees in which those employees desire to represent claims of other employees in class, collective or other representative actions."  Thus, the term "Actions" does not appear to be limited only to the five lawsuits enumerated later in paragraph 7.  The nature of the Williams action is not explained.

      The Agreement further states that if the employee would like to participate in one of the "Actions," he or she "may opt out of this Agreement by following the procedure set forth in Section 9, below."[3]  To opt out of the Agreement, the employee must call a toll-free telephone number within 30 days of the date the employee received the Agreement.  According to the Agreement, "Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by the Employee and [Securitas]."  The Agreement declares that not opting out means an employee forfeits

---

3. Securitas acknowledges that the reference to paragraph 9 is incorrect.  The opt-out procedure referenced appears in paragraph 8.  Securitas' opposition brief states that an amended notice was distributed to employees.

the right to participate in any collective or representative action.  Securitas adds that it will not retaliate against any employee for opting out of the Agreement or for asserting claims according to its terms.

The fifth page of the Agreement states as follows:

ACKNOWLEDGMENT OF RECEIPT OF THE SECURITAS SECURITY SERVICES USA, INC. DISPUTE RESOLUTION AGREEMENT

BY SIGNING BELOW, I AM ACKNOWLEDGING RECEIPT OF THE SECURITAS SECURITY SERVICES USA, INC. DISPUTE RESOLUTION AGREEMENT, EFFECTIVE IMMEDIATELY.

Below this text is a place for the employee to sign and date the Agreement.  There is also a place for a witness to sign his or her name.

According to Securitas, as of July 7, 2011, some 1,549 employees have opted out using the dispute resolution procedure described in the Agreement, including 64 employees in Pennsylvania.  An additional 200 employees have called the telephone number to request more information about the Agreement, including nine in Pennsylvania.  The record does not indicate how many people Securitas employs nationally or in Pennsylvania.

II.

In collective action cases brought under the FLSA, each party plaintiff must consent in writing to become a plaintiff in the case and the written consent must be filed with the court.  29 U.S.C. § 216(b).  As the Supreme Court has noted, actions under § 216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that

they can make informed decisions about whether to participate." Hoffman-La Rouche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). Accordingly, the court has the discretion to "facilitat[e] notice to potential plaintiffs" and "broad authority . . . to enter appropriate orders governing the conduct of counsel and the parties" as it pertains to notices mailed to potential plaintiffs. Id. at 170-71.

We find that the Agreement Securitas circulated to its employees is likely to cause confusion to potential class members. Although titled a "Dispute Resolution Agreement," it does not require an employee to sign the document before it becomes effective. Instead, the employee is deemed to have consented to it unless he or she affirmatively opts out within 30 days. In our view, this provision in a writing called an "agreement" is very misleading to lay persons such as the hourly-paid security guards who are its target. Lay persons commonly understand a document labeled an "agreement" which is presented to them unsigned and not previously negotiated as not binding on them until they agree to it by affixing their signatures. Because of the label, they may not read the document carefully or at all since they reasonably believe it will not affect them without their affirmative approval. Instead, Securitas intends to bind its employees unless they opt out by calling a phone number deeply embedded in the "agreement" within 30 days even though the employee never signs the document. Quite simply, this Agreement stands the concept of fair dealing on its head and is

designed to thwart employees of Securitas from participating in this lawsuit.

Further, confusion reigns at the end of the document. It first states in capital letters, "ACKNOWLEDGMENT OF RECEIPT OF THE SECURITAS SECURITY SERVICES USA, INC. DISPUTE RESOLUTION AGREEMENT.  BY SIGNING BELOW, I AM ACKNOWLEDGING RECEIPT OF THE [SECURITAS] DISPUTE RESOLUTION AGREEMENT, EFFECTIVE IMMEDIATELY." If Securitas is requesting a signature simply to acknowledge receipt, it makes absolutely no sense to add the words, "effective immediately."

In addition, the agreement is written in single-spaced, small type and crafted so as not to be easily understood by lay persons.  The paragraphs and sentences are long and complex with heavy use of legal jargon.  Plain English designed for easy comprehension is totally lacking.  Finally, as noted above, while the lawsuit pending here is identified by name in the Agreement, the nature of the action is not explained.[4]

Under Hoffman-La Roche, this court has a responsibility to prevent confusion and unfairness concerning this action in which plaintiffs seek to have the matter proceed as a collective action and to insure that all parties act fairly while the court decides whether and how this action will move forward under the FLSA.  In the meantime, to prevent confusion and unfairness, we

---

4. For these reasons, at least one other federal court has found the Dispute Resolution Agreement confusing to putative class members.  See Molyneux v. Securitas Security Servs. USA, Inc., Case No. 4:10-588, slip op. at 5-6 (S.D. Iowa July 8, 2011).

will order Securitas to rescind the Agreement with respect to its Pennsylvania employees as it relates to this litigation.  We will require Securitas to set forth the nature of this action and advise its Pennsylvania employees that the Agreement is not binding with regard to those employees' right to participate in this lawsuit, notwithstanding the fact that the employee may have signed the Agreement or failed timely to opt out.

Securitas contends that any interference by this court with its efforts to compel arbitration of disputes with its employees will be contrary to the Supreme Court's recent decision in AT&T Mobility LLC v. Concepcion, ___ U.S. ___, 131 S.Ct. 1740 (2011).  We disagree.  In Concepcion, the Supreme Court held that, generally, states may not adopt rules of contract interpretation that undermine the "overarching purpose" of the FAA, which "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."  Id. at 1748.  There, the Court considered California contract law, which deemed unconscionable certain contracts that disallowed class arbitration.  The Court found the law impermissibly stood "as an obstacle to the accomplishment of the FAA's objectives."

Securitas' reliance on Concepcion is inapposite because plaintiffs' motion for a protective order does not rely on any state-law ground to invalidate the Agreement.  Here the issue is quite different.  This court has found the Agreement to be a

confusing and unfair communication with the class of possible plaintiffs in this action under the FLSA.

Securitas argues that invalidating the Agreement merely because this class action lawsuits is pending is equivalent to preventing it from adopting any arbitration policy at all. Whatever right Securitas may have to ask its employees to agree to arbitrate, its current effort, which specifically references this lawsuit, is confusing and misleading and clearly designed to thwart unfairly the right of its employees to make an informed choice as to whether to participate in this collective action under the FLSA.  Since the Agreement by its terms will directly affect this lawsuit, this court has authority to prevent abuse and to enter appropriate orders governing the conduct of counsel and the parties.  Hoffman-La Roche, 493 U.S. at 171-72. Securitas did not act fairly when it gave notice through the Agreement to potential class members concerning this lawsuit.

Defendant's proposal to resolve the plaintiffs' pending motion for conditional class certification before resolving issues related to the Agreement is insufficient to prevent potential plaintiffs from misapprehending their rights.  The confusing nature of the Agreement may cause Securitas employees to misunderstand the nature of their rights to participate in this litigation while the court determines whether to conditionally certify a class, damage not easily undone. Similarly, Securitas's proposal to allow its Pennsylvania employees a second 30-day opt out period if the court

conditionally certifies a class is also insufficient because it is for the court, not Securitas, to determine the amount of time employees shall have to consider their right to join this action. Immediate action by this court is necessary.

Securitas shall be required to implement the corrective measures described in the accompanying order.