```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKIE WILLIAMS, et al.          :     CIVIL ACTION
                                  :
        v.                        :
                                  :
SECURITAS SECURITY SERVICES       :
USA, INC.                         :     NO. 10-7181
```

MEMORANDUM

Bartle, J.                                          October 3, 2011

       Before the court is the motion of plaintiffs for reconsideration of an order dated August 17, 2011 granting in part and denying in part a motion to conditionally certify a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA").  See Williams v. Securitas Sec. Servs. USA, Inc., No. 10-7181, 2011 WL 3629023, at *3-*6 (E.D. Pa. Aug. 17, 2011).  A motion for reconsideration may be granted only if the moving party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

       Plaintiffs maintain that this court made a manifest error of law by giving weight to the declarations and other exhibits submitted by defendant in opposition to the motion for conditional certification.  They assert that the court should not have made any findings of fact or conclusions of law on the basis of such declarations or exhibits because they had not been vetted in discovery, which has not opened in this case.  Plaintiffs

further argue that the court manifestly erred by reviewing their factual submissions under a more stringent standard than permitted by precedent.

The court did reference the defendant's exhibits in its memorandum analyzing plaintiffs' motion for conditional certification.  Id.  The court did so simply to highlight the deficiencies in plaintiffs' factual assertions.  We accepted as true for present purposes the barebones facts asserted by plaintiffs in their declarations and did not rely on the defendant's declarations in place of or to negate plaintiffs' factual assertions.

We are satisfied that plaintiffs' exhibits, viewed in isolation and under the proper standard, do not contain sufficient factual material to show that plaintiffs were subject to employment policies or practices common to all Securitas employees in Pennsylvania.  The three threadbare declarations and the undated, unauthenticated training materials that plaintiffs offered in support of their motion are insufficient to make a "modest factual showing ... of a factual nexus between the manner in which the employer's alleged policy affected [plaintiffs] and the manner in which it affected other employees."  Symczyk v. Genesis Healthcare Corp., No. 10-3178, 2011 WL 3835404, at *3 (3d Cir. Aug. 31, 2011).[1]

---

1. Our Court of Appeals decided Symczyk on August 31, 2011, two weeks after we issued the order denying plaintiffs' motion for conditional certification under § 216(b) of the FLSA.  The Court
(continued...)

	Accordingly, the motion of plaintiffs for reconsideration will be denied.

---

1.(...continued)
of Appeals' opinion in Symczyk endorsed for the first time the "modest factual showing" approach that we employed in deciding plaintiffs' motion.  Thus, Symczyk does not require us to reconsider our analysis.  Id.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKIE WILLIAMS, et al.      :      CIVIL ACTION
                              :
         v.                   :
                              :
SECURITAS SECURITY SERVICES   :
USA, INC.                     :      NO. 10-7181
```

ORDER

AND NOW, this 3rd day of October, 2011, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion of plaintiffs for reconsideration (Dkt. No. 46) is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
                J.