IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

FRANKIE WILLIAMS, KIMBERLY ORD
and MATTHEW DEVINE, on their own
behalf and for all others similarly situated,

    Plaintiffs,

v.

SECURITAS SECURITY SERVICES USA INC.

    Defendant.

Civil Action No. 10-cv-07181

Hon. Harvey Bartle, III

FILED
JUL 11 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

---

**<s>PROPOSED</s> ORDER (1) GRANTING PRELIMINARY APPROVAL,
(2) AUTHORIZING THE FILING OF THE SECOND AMENDED COMPLAINT,
(3) CERTIFYING A RULE 23 CLASS FOR PURPOSES OF SETTLEMENT,
(4) SETTING FINAL APPROVAL HEARING AND (5) APPROVING THE ISSUANCE
OF NOTICE TO THE CLASS**

AND NOW, this 11 day of July, 2012, upon consideration of the Parties' Joint Motion for Preliminary Approval of the Settlement, Directing the Filing of the Second Amended Complaint, Certification of a Rule 23 class for Purposes of Settlement, Setting a Date for the Final Approval Hearing, and Approving the Issuance of Notice to the Class, and for good cause shown, the Court rules as follows.

**1.    The Settlement Of The Plaintiffs' FLSA Claim Is Fair And Reasonable.**

An employee may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). With respect to a court-authorized settlement, the court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that

1

are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The Court finds that the Parties' settlement is fair and reasonable and meets all of the factors considered by courts, and should be preliminary approved, subject to the right of objectors to be heard at the Final Approval Hearing. The settlement was the result of a highly contested, arms-length negotiation prior to and during a day-long mediation with Hon. Diane Welsh, a skilled mediator, and the resulting terms represent a true compromise by both sides. The settlement appropriately factored in the complexity, risk, expense, and likely duration of the

litigation, as the Parties recognized that dollar value exposure for back wages on the new hire orientation claim was far less than the attorney's fees that would be required by both sides to litigate the claim, and both sides recognized the risks inherent in proceeding with the litigation in light of their dispute on the compensability of the new hire orientation. Settlement is appropriate at this stage of the proceedings and given the amount of discovery completed which provided the parties with all of the information necessary to assess the compensability of new hire orientation program during the relevant time period, as well as the possible exposure for back pay. The settlement provides for full recovery of back wages and liquidated damages to the Class Members, and a reasonable attorney's fees award. Finally, the attorneys for the Parties, who are experienced in wage and hour collective and class actions, believe that settlement is fair and reasonable.

### 2.   The Settlement Of Plaintiffs' State Law Claim It Is Fair, Reasonable And Adequate Under Fed. R. Civ. P. 23(e).

Rule 23(e) of the Federal Rules of Civil Procedure requires that cases brought as class actions may only be settled, compromised or dismissed upon a court finding that it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e). Rule 23 requires courts to independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995). The decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court. *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975). Generally, court approval of proposed class action settlement is accomplished in a two-step process. First, the parties submit the proposed terms of the settlement and the court makes a preliminary evaluation of fairness. Second, if the preliminary evaluation of the proposed settlement does not

disclose ground to doubt the basic fairness of the proposed settlement or other obvious deficiencies, the court should direct notice be given to the class members of the formal fairness hearing, at which time arguments and evidence may be presented in support of or in opposition to the proposed settlement. NEWBERG ON CLASS ACTIONS, §11.25 (4th ed. 2002); MANUAL FOR COMPLEX LITIGATION, § 30.41 (3rd ed.).

In making a preliminary fairness determination, a court is to be mindful of the "strong presumption" that settlement agreed upon by the parties is fair. *Iowa Beef Processors, Inc., v. Meat Price Investigators Association*, 452 U.S. 905 (1981); *Commonwealth v. O'Neill*, 100 F.R.D. 354, 356 (E.D. Pa. 1983). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Bullock v. Administrator of Estate of Kircher*, 26 F.R.D. 1, 26 (D.N.J. 1979); *National Rural Tele. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). Furthermore, in preliminarily approving a proposed settlement, it is not necessary for the court to consider or reach any ultimate conclusions of contested issues of fact or law that may underlie the merits of the class action dispute. It is the uncertainty of the ultimate outcome and the avoidance of wasteful and expensive litigation that induces the consensual settlement of a matter by the parties. *In re. Cendant Corp. Litig.*, 216 F.3d 286, 301 (3rd Cir. 2001).

In connection with final approval, courts in the Third Circuit apply a nine-factor test to assess whether a settlement is fair, reasonable, and adequate as required by Rule 23. The factors include: (1) the complexity and duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining a class action, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement in light of the

best recovery, and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *In re General Motors Corp.*, 55 F.3d at 785. Other factors may also be considered, for example: (10) whether class members are accorded the right to opt out of the settlement, (11) whether any provisions for attorneys' fees are reasonable; (12) whether the procedure for processing individual claims under the settlement is fair and reasonable. *In re AT&T Corp.*, 455 F.3d 160, 165 (3d Cir. 2006). However, the court is not charged with conducting a detailed or exhaustive analysis of the proposed settlement. Rather, its task is to determine whether the proposed settlement is within the range of reasonableness:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the Class Members of a Formal Fairness Hearing, at which evidence may be presented in support of and in opposition to the settlement.

MANUAL FOR COMPLEX LITIGATION, §30.44 (2d ed. 1985).

For the same reasons discussed above, the Court finds that the Parties' settlement is fair, reasonable and adequate and meets all of the factors considered by courts, and should be preliminary approved, subject to the right of objectors to be heard at the Final Approval Hearing. The settlement provides full recovery to the Class Members without incurring further attorneys' fees or the risks inherent in continuing what would prove to be lengthy and vigorously contested litigation. Because of the favorable terms to Class Members, the Parties do not anticipate many, if any, objectors or opt outs. The settlement was reached following sufficient discovery, and considering the risks to both sides regarding establishment of liability and damages. The Parties stipulated to certify a Rule 23 class to provide the broadest relief to the class, and class members may opt out of the settlement if they are not happy with it. The attorneys' fees portion of the settlement was vigorously negotiated, and the Court finds that it is reasonable given the results

obtained and the hours spent. Finally, the claims process established by the Parties is fair and Defendant will use an experienced claims administrator to handle the process and will use reasonable efforts to locate class members.

Therefore, it is **ORDERED** that the Parties' Joint Motion is hereby GRANTED:

1. The Settlement Agreement is preliminary approved;

2. The Court authorizes Plaintiffs to file the Second Amended Complaint via ECF;

3. A class is hereby certified under Fed. R. Civ. P. 23 as to the state law new hire orientation claim for the purposes of this settlement for the reasons set forth in the Parties' Stipulation of Settlement;

4. The Final Approval Hearing will take place on Sept. 28, 2012 at 11:00 A.M which is more than 70 days from the date of this Order and thus provides a 60-day period during which individuals may opt in with respect to the FLSA claim or opt out with respect to the PMWA claim; and

5. The Notice of Settlement and Claim Form are approved and must be sent out within 10 days of this Order.

Date: July 11, 2012

HARVEY BARTLE, III, J.

Firmwide:111159415.2 056919.1030