IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKIE WILLIAMS, KIMBERLY ORD and MATTHEW DEVINE, on their own behalf and for all others similarly situated, <br> Plaintiffs, <br> v. <br> SECURITAS SECURITY SERVICES USA INC., <br> Defendant. | Civil Action No. 10-cv-07181 <br><br> JURY TRIAL DEMANDED |

### SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Frankie Williams, Kimberly Ord and Matthew Devine ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Defendant Securitas Security Services, USA Inc. ("Defendant") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF ACTION

1. Plaintiffs contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, by knowingly suffering or permitting Plaintiffs and the Class members to perform new hire orientation without properly compensating them for time spent on these activities.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ...


EXHIBIT C

in any Federal or State court of competent jurisdiction." The Court has supplemental jurisdiction over Plaintiffs' PMWA claim pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000, exclusive of interest and costs and the parties are residents of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendant resides in, and does business within, this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

5. Plaintiff Frankie Williams is an adult citizen of the Commonwealth of Pennsylvania who resides in Philadelphia County. During the relevant period, Mr. Williams worked as a security guard for Defendant, was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Mr. Williams routinely worked more than 40 hours per week and was routinely subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Mr. Williams was routinely damaged by Defendant's failure to provide all proper compensation for time he spent engaged in new hire orientation. Mr. Williams has signed and submitted an opt-in consent form to join this lawsuit.

6. Plaintiff Kimberly Ord is an adult citizen of the Commonwealth of Pennsylvania who resides in Huntingdon County. During the relevant period, Ms. Ord worked as a security guard for Defendant, was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Ms. Ord routinely worked more than 40 hours per week and was routinely

-2-

subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Ms. Ord was routinely damaged by Defendant's failure to provide all proper compensation for time she spent engaged in new hire orientation. Ms. Ord has signed and submitted an opt-in consent form to join this lawsuit.

7. Plaintiff Matthew Devine is an adult citizen of the Commonwealth of Pennsylvania who resides in Dauphin County. During the relevant period, Mr. Devine worked as a security guard for Defendant, was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1), and was not exempt from the FLSA's protections for any reason. During the relevant period, Mr. Devine routinely worked more than 40 hours per week and was routinely subjected to the scheduling, timekeeping and pay policies and practices described herein. During the relevant period, Mr. Devine was routinely damaged by Defendant's failure to provide all proper compensation for time he spent engaged in new hire orientation. Mr. Devine has signed and submitted an opt-in consent form to join this lawsuit.

8. Defendant Securitas Security Services USA Inc. ("Defendant") is a company with a principal place of business in Parsippany, NJ, a regional office in Philadelphia and nine other offices located across Pennsylvania. Defendant provides uniformed guarding, security patrol, and other private security services to customers in this District and across Pennsylvania. Throughout the relevant period, Defendant was an "employer" of Plaintiffs and the Class members as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the activities described herein.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA.

10. Plaintiffs pursue the requested relief on behalf of the following class:

> All Pennsylvania residents employed by Defendant who attended new hire orientation between October 15, 2008 and January 7, 2010.

11. Plaintiffs are members of the class they seek to represent, in that they were employed by Defendant during the relevant period and were suffered or permitted to perform new hire orientation without pay.

12. Although Plaintiffs and the Class members may have had different job titles and/or worked in different locations, this action may be properly maintained as a collective action because, throughout the relevant period Plaintiffs and the Class members, regardless of their job title or location, attended the same new hire orientation without pay.

13. Plaintiffs estimate that the Class, including both current and ex-employees over the relevant period, will include at least 1,000 members. The precise number of Class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly *via* U.S. mail, or through the posting of written notices at Defendant's work sites.

## **CLASS ACTION ALLEGATIONS**

14. Plaintiffs also bring their new hire orientation claim as a class action pursuant to Fed. R. Civ. P. 23.

15. There are more than 1000 Class members, and thus the Class is so numerous that joinder of all class members is impracticable.

16. There are questions of fact and law common to the class, including Defendant's policy prior to January 2010 of not paying for new hire orientation, the content of such training, and whether such new hire orientation was compensable time.

17. The claims of the named Plaintiffs for new hire orientation are typical of the claims of the class as are Defendant's defenses to these claims.

18. The named Plaintiffs will fairly and adequately represent and protect the interests of the class.

19. Questions of law or fact common to class members predominate over any questions affecting only individual members, such that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## COUNT I
## Violation of the FLSA

20. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

21. Plaintiffs and the Class members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

22. FLSA Section 206 requires employers to pay their employees a minimum wage for all hours worked.

22. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

23. Throughout the relevant period, Defendant expected Plaintiffs to attend new hire orientation without pay.

-5-

24. Plaintiffs and the Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit. Plaintiffs and the Class members will continue to suffer a significant loss of income as a result of the practices alleged here unless Defendant is required to alter the practices at issue.

## COUNT II
### Violation of the PMWA

25. The PMWA requires that covered employees be compensated for every hour worked in a workweek at least at the minimum wage. 43 P.S. §333.104.

26. The PMWA requires that an employee receive overtime compensation not less than one and one-half times the employees' regular rate of pay for all hours worked over 40 in a workweek. 43 Pa. Code §333.104(c).

27. During all relevant times, Plaintiff and Class Members have been covered employees entitled to the above-described PMWA protections.

28. Throughout the relevant period, Defendant routinely suffered or permitted Plaintiffs and the Class members to attend new hire orientation without recording or paying for such time.

29. As a result of Defendant's conduct, Plaintiffs and the Class members were deprived of pay owed for time spent in new hire orientation, including minimum wage and/or pay calculated at the overtime premium rate for new hire orientation attended during workweeks in which Plaintiffs and the Class members worked more than 40 hours.

WHEREFORE, Plaintiffs respectfully pray for an Order:

    a. Requiring Defendant to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) addresses of all individuals Defendant, its subsidiaries, or affiliated

-6-

        companies employed to work as security officers in the state of Pennsylvania at any time during the last three years;

b.    Authorizing Plaintiffs' counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c.    Appointing David Cohen of Kolman Ely, P.C., Jon Tostrud of Tostrud Law Group, P.C. and Ryan Stephan and James Zouras of Stephan Zouras, LLP as class counsel;

d.    Finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiffs and the Class members;

e.    Granting judgment in favor of Plaintiffs and the Class members, and against Defendant, on their FLSA and PMWA claims;

f.    Awarding compensatory damages to Plaintiffs and the Class members in an amount to be determined;

g.    Awarding pre-judgment interest to Plaintiffs and the Class members on all compensatory damages due;

h.    Awarding liquidated damages to Plaintiffs and the Class members;

i.    Awarding Plaintiffs and the Class members a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j.    Awarding Plaintiffs and the Class members equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

k. Awarding any further relief the Court deems just and equitable; and,

l. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: May 22, 2012

/s/ David J. Cohen
David J. Cohen
Wayne A. Ely
KOLMAN ELY, P.C.
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
dcohen@kolmanlaw.net

Jon A. Tostrud (admitted *pro hac vice*)
TOSTRUD LAW GROUP, P.C.
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA. 90067
(310) 278-2600
jtostrud@tostrudlaw.com

Ryan F. Stephan (admitted *pro hac vice*)
James B. Zouras (admitted *pro hac vice*)
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Counsel for Plaintiffs and the Putative Class*

Firmwide:110996389.2 056919.1030

-8-