IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **FRANKIE WILLIAMS, KIMBERLY ORD** and **MATTHEW DEVINE**, on their own behalf and for all others similarly situated, | Civil Action No. 10-cv-07181 |
| Plaintiffs, | |
| v. | Hon. Harvey Bartle, III |
| SECURITAS SECURITY SERVICES USA INC. | |
| Defendant. | |

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION
FOR APPROVAL OF THE PROPOSED INCENTIVE,
FEE AND EXPENSE AWARDS**

Frankie Williams, Kimberly Ord and Matthew Devine ("Plaintiffs") submit this Memorandum in support of their Unopposed Motion for Approval of the Proposed Incentive, Fee and Expense Awards in the above-captioned action.

### 1. PROCEDURAL HISTORY AND BACKGROUND FACTS

On or about December 10, 2010, Plaintiffs Frankie Williams and Kimberly Ord filed this action in the United States District Court for the Eastern District of Pennsylvania (the "Court"). In the Complaint, Plaintiffs claimed that they and others similarly situated currently and formerly employed security officers were required to work off-the-clock in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, in connection with (1) new hire orientation, (2) post-hire training, (3) shift changes at their worksites, and (4) maintaining their company-issued uniforms in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* Defendant denied the allegations set forth in the Complaint.

On or about February 22, 2011, Matthew Devine and Joseph Maguire filed notices of consent to opt in to the putative collective action. On March 15, 2011, Plaintiffs filed a First Amended Complaint, adding opt-in Matthew Devine as a Plaintiff. Defendant denied the allegations set forth in the Amended Complaint.

During June 2011, Defendant rolled out a dispute resolution program nationwide. On July 13, 2011, the Court held that the dispute resolution program does not apply to this case and required Defendant to send a notice to all putative collective action members who were current employees so informing them.

On August 17, 2011, the Court ruled on Plaintiffs' motion for conditional certification, certifying only one of Plaintiffs' four claims – the new hire orientation claim. With the case so narrowed, the Parties postponed sending out any notice to those who had attended new hire orientation without pay to pursue settlement discussions.

To facilitate settlement discussions, the Parties entered into a tolling agreement effective as of October 15, 2011 as to claims alleged in the Complaint in this case, and as a result the Class Period for the new hire orientation claim is October 15, 2008 to January 7, 2010, when Securitas began paying for new hire orientation.

On June 29, 2012, the Parties submitted their Joint Motion and Memorandum for Preliminary Approval (Dkt. 70-1) On July 11, 2012 the Court granted preliminary approval, certified a Rule 23 class for purposes of settlement and authorized notice to the class. (Dkt. 71)

The Parties have complied with the Court's July 11, 2012 order. The Claims Administrator has received 192 claim forms. There have been no objections or requests for exclusion.

### 2. THE REQUESTED AWARD OF INCENTIVE, FEES AND EXPENSES IS REASONABLE AND WARRANTED AND SHOULD BE APPROVED

When fee-shifting statues such as the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101 (PMWA) are involved,[1] parties may negotiate settlements that encompass a defendant's total liability for damages, attorney fees, and costs. *See Evans v. Jeff* D., 475 U.S. 717,733-34, 738 n.30 (1986); *See also Williams v. MGM-Pathe Communications Co*., 129 F.3d 1026, 107 (9th Cir. 1997) ("parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorney's fees."); *Holden v. Burlington Northern, Inc.,* 665 F.Supp. 1398, 1427-28 (D. Minn. 1987); *5 Alba Conte & Herbert B. Newberg, Newberg on Class Actions* § 15:32 (4th ed. 2002). In this case, the parties negotiated a settlement which caps Defendant's total obligation for settlement payments to Plaintiffs, costs of notice and settlement administration, separate incentive awards to Named Plaintiffs and Court-approved attorney fees and litigation expenses.

The Named Plaintiffs initiated the litigation, contributed to the complaint, answered written discovery, and communicated with class counsel on a regular basis, in the process leading to settlement negotiations and participated in subsequent discussions that resulted in the final settlement and proposed allocation of the Settlement Fund. The proposed allocation specifically includes $5,000.00 for separate awards to each of the three Named Plaintiffs and $125,000.00 for attorney fees and litigation expenses.

Notice sent pursuant to the Court's preliminary approval order fully described the settlement terms and proposed allocation of the Settlement Fund, including proposed settlement

---

[1] The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action." 29 U.S.C. § 216(b) (emphasis added).

payments to class members, separate incentive awards to the Named Plaintiffs and attorney fees and costs. The Notice also informed members of the classes of their rights to object, and described the procedures for asserting any such objections. Not a single member of the class objected.

As contemplated by the Settlement Agreement, as stated in the Court Approved Notice and without objection by class members, Plaintiffs now seek the Court's approval of awards of $5,000 for each of the Named Plaintiffs and $125,000.00 in attorney fees and expenses. The amount requested for attorney fees is less than the fees actually incurred by Plaintiffs' counsel.

### A.     An Award of Fees and Costs is Mandatory

As the threshold matter, an award of fees and costs to prevailing Plaintiffs under the FLSA is mandatory. See 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action."); *See also Singer v. Waco,* 324 F.3d 813, 829 n.10 (5th Cir. 2003) (§216(b) "requires" a fee award), cert denied 540 U.S. 1177 (2004); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (a fee award is "mandatory"), cert. denied 513 U.S. 875 (1994); Williams v. Aramark Sports, LLC, 2011 WL 4018205 (E.D. Pa. 2011); *Falica v. Advanced Tenant Servs., Inc*., 384. F. Supp. 2d 75, 77 (D.D.C. 2005) ("The Award of counsel fees to an employee's attorney in FLSA cases is mandatory and unconditional."); *Lawson v. Lapeka, Inc.* 1991 WL 49775, *4 (D. Kan. March 19, 1991) (mandatory); *Fields v. Luthe*r, 1988 WL 121791, *1 (D. Md. July 12, 1988) (mandatory). Accordingly, Plaintiffs are entitled to reimbursement of fees and costs.

### B.     The "Lodestar" Method is Appropriate to Determine Attorney Fees in Wage Cases.

To determine "reasonable" awards in FLSA cases, the courts use the "lodestar" method.

4

*Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir.2001); *Heidtman v. El Paso County*, 171 F.3d 1038, 1043 (5th Cir. 1999); see e.g., *West v. Border Foods, Inc.*, 2007 WL 1725760, \*\*2-4 (D. Minn. June 8, 2007) (applying lodestar method in FLSA case). The lodestar method involves calculating the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Small, 264 F.3d at 707; Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "There is a 'strong presumption' that the lodestar figure represents the reasonable fee to be awarded." *Hixon v. City of Golden Valley*, 2007 WL 4373111, \*2 (D. Minn. Dec. 13, 2007), quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### (i) Hours reasonably expended.

Counsel must use "billing judgment" by making good-faith efforts to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. Plaintiffs' counsel have made good-faith efforts to use good billing judgment in their fee request by taking several steps to exclude any hours that might be excessive, redundant, or otherwise unnecessary. Exhibits A - D, Declaration of Ryan F. Stephan; Declaration of David Cohen; Declaration of Sandra Cuneo; and Declaration of Jon Tostrud. *Cf. Hixon*, 2007 WL 4373111 at \*3 (reducing hours by a percentage, instead of line-by-line, to account for redundancies and vagueness)[2]

Even after eliminating all of the hours described above, Plaintiffs' counsel and non-lawyer billing staff have worked more than 463 hours litigating, settling and administering the settlement of this case for Plaintiffs' benefit. *See* Exhibits A -D. Further, Plaintiffs' counsel will necessarily continue expending time implementing the Settlement and in connection with distribution of the Settlement Fund.

---

[2] Post-judgment hours, including time spent preparing a fee application, are recoverable and may be included in the lodestar calculation. *See Hixon*, 2007 WL 4373111 at \*4.

### (ii) Reasonable hourly rates.

The hourly rates of Plaintiffs' counsel and each non-lawyer billing staff member for whom time is submitted are set out in the exhibits to the affidavits in support of this fee application. The hourly rates for the attorneys for whom time is submitted is $375-$600, and the hourly rate for non-lawyer billing staff is $125-$200. These hourly rates have been accepted and approved in other contingent litigation and are comparable to rates charged by class action counsel in similar cases. *See also Roussel v. Brinker Intern., Inc.*, 2010 WL 1881898, *3 (S.D.Tex. Jan. 13, 2010) (approving $500 and $450 hourly rates in FLSA case); West, 2007 WL 1725760 at *2 (approving $550 and $400 hourly rates in FLSA case); cf. *Hixon,* 2007 WL 4373111 at *3 (approving $400 hourly rates in § 1983 case).

### (iii) Plaintiffs' counsel's lodestar.

Multiplying the hours that all attorney and non-lawyer billing staff have worked on this case (and which remain after the exercise of billing judgment described above) by their respective hourly rates yields a lodestar figure of $241,760. *See* Exhibits A -D. This lodestar figure is entitled to a strong presumption of reasonableness. *See Hixon*, 2007 WL 4373111,*2. Based on prior rulings in the case and potential risks, Plaintiffs' counsel discounted their lodestar by almost 50% to reach the agreed $125,000 in attorney fees.

### C. Plaintiffs' Counsel are Entitled to Reimbursement of Costs and Expenses.

As noted above, the award of costs, as well as fees, is mandatory under the FLSA. *See* 29 U.S.C. § 216(b); 820 ILCS 820 ILCS §105/4(a) ("The Court shall also award reasonable costs to the prevailing party.").

Plaintiffs' counsel has advanced litigation costs and expenses that normally would be charged to clients. *See* Exhibit A –D. The amount of total amount of expenses incurred by

6

Plaintiffs' counsel is $8,349.58. All of these costs and expenses were reasonably and necessarily incurred in the course of this litigation. *See* Exhibits A-D.

> **E.     The Named Plaintiffs are Entitled to Separate Awards for Their Efforts in this Litigation.**

Courts may make separate awards to class representatives in recognition of their risks, time expended, and benefits to the class. *See In Re US Bancorp Litig.*, 291 F.3d 1035, 1037 (8th Cir. 2002), cert. denied 537 U.S. 823 (2002); *White*, 822 F. Supp. at 1406.

The role of the Named Plaintiffs in this litigation was crucial. Each sacrificed their time to prosecute this lawsuit on behalf of their fellow current and former employees. Each reviewed and approved the Complaint. Each met, conferred and corresponded with Plaintiffs' counsel on a regular basis. Each submitted to extensive interviews, produced records and documents, and provided invaluable information and assistance to Plaintiffs' Counsel without which they could not have brought this matter to a successful conclusion. Each responded to written discovery and were actively involved in subsequent discussions that shaped and finalized the settlement and proposed plan of allocation.

Therefore, Plaintiffs and Plaintiffs' counsel request separate awards of $5,000 to each of the Named Plaintiffs in addition to any pro rata shares of the Settlement Fund to which they may be entitled.

## 3. CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that the Court enter an order:

    (i)    Granting separate awards in the amount of $5,000 to each of the Named Plaintiffs in addition to any pro rata share of the Settlement Fund to which they may be entitled.

    (ii)    Awarding Plaintiffs' counsel attorney fees and costs in the amount of $125,000.00.

    Respectfully submitted,

Dated: October 22, 2012

/s / Ryan F. Stephan
Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue
Suite 2560
Chicago, IL 60601

David J. Cohen
Wayne A. Ely
KOLMAN ELY, PC 414
Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1901 Avenue of the Stars
2nd Floor
Los Angeles, CA 90067

**Counsel for Plaintiffs and the Class**