IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
FRANKIE WILLIAMS, et al.        :        CIVIL ACTION
                                :
          v.                    :
                                :
SECURITAS SECURITY SERVICES     :
USA, INC.                       :        NO. 10-7181
```

MEMORANDUM

Bartle, J.                                    November 8, 2012

Plaintiffs Frankie Williams, Kimberly Ord, and Matthew Devine on behalf of themselves and others similarly situated have filed this action against defendant Securitas Security Services USA, Inc. ("Securitas") under §§ 206 and 207 of the Fair Labor Standards Act ("FLSA") and under the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. Ann. § 333.101 et seq.  Before the court are the joint motion for an order granting final approval of the settlement and dismissing the case and the unopposed motion of the plaintiffs for final approval of the proposed incentive, fee, and expense awards.

Securitas is a company that supplies security guards to its clients.  In their initial Collective Action Complaint and their First Amended Collective Action Complaint, plaintiffs alleged that Securitas violated the FLSA by requiring the plaintiffs and others similarly situated to perform four kinds of work without compensation, specifically work in connection with new hire orientation, post-hire training, shift changes at their worksites, and maintaining their company-issued uniforms.  This

court certified only the new hire orientation claim.  Plaintiffs then filed a Second Amended Collective and Class Action Complaint to facilitate settlement.  While only the new hire orientation claim was now included out of the original four FLSA claims, the plaintiffs added a state law claim alleging violation of the PMWA and sought class action status for it under Rule 23 of the Federal Rules of Civil Procedure for purposes of settlement only.  Each allegedly wronged employee in a FLSA collective action must "opt in" to join the class of claimants.  29 U.S.C. § 216(b).  On the other hand, with respect to Rule 23 class action claims such as those made under the PMWA, all allegedly wronged employees are automatically included unless they "opt out" from the action.

Following vigorous negotiations, including a full day of mediation with a former federal court magistrate judge, the parties reached a settlement totaling $240,000.  The settlement consists of:  back wages to 1,242 class members totaling $100,000; payments of $5,000 for each of these named plaintiffs for a total of $15,000; and a payment to the plaintiffs' attorneys for fees, costs, and expenses in the amount of $125,000.

The back wages were computed by multiplying the number of class members by the number of hours of new hire orientation and then by the minimum wage in effect at that time.  That product was then multiplied by a factor of 2 for liquidated damages for the FLSA claim and by a factor of 1.25 for the PMWA claim, as provided for by the respective laws.  See 29 U.S.C.

-2-

§ 216(B); 43 Pa. Cons. Stat. Ann. § 260.10.  The period for which
back wages will be paid is from October 15, 2008, the date on
which the parties agreed to toll the statute of limitation, to
January 7, 2010, when Securitas began paying for new hire
orientation.  The number of class members included in the
calculation was 1,242.  Any unclaimed settlement payments will be
distributed pro rata as part of the PMWA payments.

     The payment of $15,000 to the named plaintiffs consists
of back pay for their wage and hour claims and compensation for
their work on behalf of the class.  That work included reviewing
and approving the complaint, meeting with their counsel on a
regular basis, submitting to extensive interviews, producing
records and documents, and providing information and assistance
to their counsel.  The named plaintiffs are not included in the
$100,000 in back wages to the class.

     The final portion of the settlement consists of
$125,000 in plaintiffs' attorneys' fees and costs.  The FLSA
provides that the court "shall, in addition to any judgment
awarded to the plaintiff or plaintiffs, allow a reasonable
attorney's fee to be paid by the defendant, and costs of action."
29 U.S.C. § 216(b).  In statutory fee-shifting cases such as
this, we apply the "lodestar" method of calculating attorneys'
fees, which requires us to multiply the number of hours
reasonably expended by a reasonable hourly rate.  Loughner v.
Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001).

-3-

After eliminating hours that might be excessive, redundant, or otherwise unnecessary, plaintiffs' attorneys maintain that they worked more than 463 hours on this action. They will also be involved in the future in implementing the settlement without further compensation.  The hourly rates for the attorneys for whom time is submitted is $375-$600, and the hourly rate for non-lawyer billing staff is $125-$200. Multiplying the hours that all attorney and non-lawyer billing staff worked on this case by their respective hourly rates yielded a lodestar figure of $241,760.  Plaintiffs' counsel also incurred $8,349.58 in costs and expenses, for a sum of $250,109.58.  Plaintiffs' counsel discounted this figure significantly to reach the negotiated $125,000 in attorneys' fees, costs, and expenses.

On July 11, 2012, this court granted the joint motion of the parties for preliminary approval of the settlement pending the final approval hearing, which was held on November 6, 2012. Following that order, a notice of settlement and claim form was sent to the class.  The notice described the class members' options for participating in the lawsuit and settlement and provided that members could object to the settlement personally or through an attorney.

In this action, members of the class were given three options in the notice:  (1) they could participate in both the FLSA and PMWA claims, by opting in to the FLSA claim and declining to opt out of the PMWA claim; (2) they could

-4-

participate only in the FLSA claim, by opting in to the FLSA claim and opting out of the PMWA claim; and (3) they could participate only in the PMWA claim, by declining to opt in to the FLSA claim and declining to opt out of the PMWA claim.

The claims administrator for this action processed the responses to the notice.  Of the 1,242 class members, 1,188 were located by the claims administrator.  Of these located class members, 189 submitted claim forms opting to recover payment under the FLSA, and none submitted requests for exclusion or objections to the settlement.  Accordingly, all of the class members will participate in the settlement.

Because the settlement resolves both FLSA and PMWA claims, it must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and "fair, reasonable, and adequate" under Rule 23(e) of the Federal Rules of Civil Procedure for the court to approve it.  Cuttic v. Crozer-Chester Med. Ctr., No. 09-1461, 2012 U.S. Dist. LEXIS 86486, at *4-5 (E.D. Pa. June 20, 2012) (citing Lynn's Food Stores Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); Fed. R. Civ. P. 23(e).  We find that the settlement reflects good faith negotiations between the parties as to the reasonable valuation of the plaintiffs' claims and the attorneys' fees expended.  It was not fraudulent or collusive, and it factored in the complexity, risk, and expense of the litigation.  The payments are reasonable and adequate and provide recovery for all of the class members.  In addition, it enables the plaintiffs to avoid

-5-

further legal fees and costs, lengthy litigation, and the risk of
an adverse determination.  Furthermore, the sum for attorneys'
fees, costs, and expenses was vigorously negotiated and
significantly reduced from the lodestar amount.  Moreover, no
class member objected to the settlement or requested to be
excluded from it.

  Accordingly, we will grant the unopposed joint motion
for an order granting final approval of the settlement and
dismissing the action and the unopposed motion of the plaintiffs
for final approval of the proposed incentive, fee, and expense
awards.